Citation Nr: 1722221 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 08-29 966 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include major depressive disorder and schizophrenia.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

R. Brunot, Associate Counsel 





INTRODUCTION

The Veteran served on active duty in the United States Army from June 1979 to October 1979.

This matter comes before the Board of Veterans' Appeals (Board) from an April 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico.

In June 2012, September 2014, and December 2015, the Board remanded this claim for further development. The claim has now returned to the Board. 


FINDING OF FACT

The Veteran's acquired psychiatric disability was caused by his active duty service. 


CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disability to include major depression disorder and schizophrenia have been met. 38 U.S.C.A. §§ 1101, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.1, 3.6, 3.303, 3.384 (2016). 


REASONS AND BASES FOR FINDING AND CONCLUSION


Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2016). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, established that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2016).

To establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See 38 C.F.R. § 3.303 (2016); see also Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity for certain diseases. 38 C.F.R. §§ 3.303(a),(b), 3.309(a) (2016); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Psychoses are included as chronic disabilities under 38 C.F.R. § 3.303(a). For the purposes of this regulation, "psychoses" includes schizophrenia, which is the Veteran's diagnosed psychiatric condition. See 38 C.F.R. § 3.384 (2016). Therefore the theory of entitlement based on continuity of symptoms applies. 

The Board must determine the value of all evidence submitted, including lay and medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). The evaluation of evidence generally involves a three-step inquiry. First, the Board must determine whether the evidence comes from a "competent" source. Second, the Board must then determine if the evidence is credible, or worthy of belief. Barr v. Nicholson, 21 Vet. App. 303, 308 (2007). Third, the Board must weigh the probative value of the evidence in light of the entirety of the record. 

A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 C.F.R. § 3.102 (2016). When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. See Gilbert v. Derwinski, 1 Vet. App. 4 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996). 

The Veteran has a long documented history of treatment for his psychiatric disability. He was first diagnosed with schizophrenia in 1989. His treatment records reflect the Veteran stated his auditory and visual hallucinations began in service and have continued since service. In addition, the Veteran was discharged from service in part due to his negative attitude. 

The February 2016 examiner opined the Veteran's acquired psychiatric disability was not due to any in-service incident or event. The examiner stated the Veteran's STRs are silent for any mental health treatments. Additionally, he was not formally diagnosed with any psychiatric disability until 1989, 10 years after his discharge from service. The examiner concluded there was no evidence to show the Veteran was suffering from any mental disorder at the time of discharge. 

In evaluating a claim for benefits the Board weighs the lay evidence and medical evidence of record. The Board considers the February 2016 examiner's opinion, but finds the examiner failed to adequately consider the Veteran's lay statements in combination with his discharge from service for a negative attitude when determining there was no evidence the Veteran suffered from a mental disorder at the time of discharge. The Veteran stated to the February 2016 examiner, and multiple times in his treatment records, that his hallucinations began in service. Specifically, in an August 2008 VA treatment record the Veteran stated his hallucination "helped" him in the service by telling him what to do, where to go, and what to do with grenades. The Veteran also stated his hallucination woke him from his sleep at night to talk. 

Furthermore, the Board notes the Veteran was discharged due to his lack of aptitude and negative attitude. While the Board acknowledges that the Veteran's discharge was partially due to a language barrier, his discharge was also due to his behavior. In a September 1979 Counseling Report, it is reported that the Veteran only wanted to do what he wanted, he failed to change his behavior when corrected, he was always goofing off, and was not sincere about his duties due to peer influence. Consequently, the Board finds the February 2016 examiner failed to consider the Veteran's hallucinations and discharge report when providing the opinion.

Because the February 2016 VA opinion fails to adequately consider the Veteran's in-service hallucinations and discharge report, the Board finds the opinion holds a lower probative value than the Veteran's lay statements. Though the Veteran was not diagnosed with any psychiatric disorder until 1989, in multiple treatment records the Veteran reported having ongoing auditory and visual hallucinations which began in service. The Board finds the Veteran's lay statements provide higher probative weight that the Veteran's disability began in service and have continued since that time. 

Therefore, the Board finds service connection for an acquired psychiatric disability is warranted. 38 C.F.R. § 3.303(a), 3.384; see also Walker, 708 F.3d 1331. The Board finds the preponderance of evidence weighs in favor of supporting the Veteran's claim. See Alemany v. Brown, 9 Vet. App. 518 (1996). Accordingly, the Board finds the Veteran's psychiatric disability is related to his time in service. 
 

ORDER

Entitlement to service connection for an acquired psychiatric disability to include major depressive disorder and schizophrenia is granted. 



____________________________________________
D. Martz Ames 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs